IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA,<br><br>    Plaintiff,<br><br>v.<br><br>LARRY ELAM, DIANA ELAM, and BRANCH BANKING AND TRUST COMPANY,<br><br>    Defendants. | Civil Action No. 2:10-CV-2637-RMG<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

COMES NOW the Plaintiff, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, by and through its undersigned attorneys, and for its Complaint against the Defendants, Larry Elam, Diana Elam and Branch Banking and Trust Company, seeking this Court's Declaratory Judgment, would respectfully state as follows:

**JURISDICTION AND VENUE**

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 *et seq*, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance.

2. Venue lies within the District of South Carolina and within this Division of this Honorable Court, as this cause arises out of a policy of marine insurance delivered by Plaintiff to

1

{01952159.}

the insured named therein, the Defendants LARRY ELAM and DIANA ELAM, residing at 1428 Dennis Boulevard, Moncks Corner, South Carolina 29461.

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

4. Plaintiff NATIONAL UNION FIRE INSURANCE COMPANY OF PITSBURGH, PA, (hereinafter "NATIONAL UNION") is a corporation organized and existing under the laws of the state of Pennsylvania, having its office and principal place of business located at 70 Pine Street, New York, New York 10270.

5. Upon information and belief, the Defendants LARRY ELAM and DIANA ELAM (hereinafter "The Elams") are residents of the state of South Carolina and reside at 1428 Dennis Boulevard, Moncks Corner, South Carolina 29461.

6. Upon information and belief, the Defendant Branch Banking and Trust Company (hereinafter "BB&T") is, and at all times hereinafter mentioned was, a North Carolina banking corporation with its principal place of business located at P.O. Box 25610-C, Charlotte, North Carolina 28229, and doing business within this Division of this District Court.

**FACTUAL ALLEGATIONS**

7. On or about June 4, 2008, the Defendants "The Elams" submitted to the Plaintiff via brokers acting as the said Defendants' agents an application for a policy of marine insurance. Such a submission was and remains a routine aspect of the Plaintiff's procedure for considering whether and/or on what terms it will agree to provide a policy of marine insurance.

8. A true and correct copy of the said application form completed and signed by the

2

{01952159.}

Defendants is attached hereto as Exhibit "A."

9. Plaintiff agreed to issue its Policy No. 0148A in reliance upon the representations and disclosures of material facts set forth in the attached application.

10. On or about June 4, 2008, Plaintiff "NATIONAL UNION" in exchange for good and valuable consideration issued to the Defendants "The Elams" a valued policy of marine insurance affording Hull & Machinery in the amount of $1,243,000.00 for the 2008 50 ft Marquis motor vessel named "FRAYED KNOT" which was owned by the said Defendants.

11. A true and correct copy of the Declarations Page and policy language for Plaintiff's Policy No. 0148A, affording coverage from June 4, 2008 through June 4, 2009, is attached hereto as Exhibit "B."

12. The Defendant BB&T is listed on the Declarations Page as a simple loss payee.

13. Thereafter, on or about June 4, 2009, Plaintiff "NATIONAL UNION" in exchange for good and valuable consideration agreed to renew Policy No. 0148A affording Hull & Machinery coverage in the amount of $1,243,000.00 for the 2008 50 ft Marquis motor vessel named "FRAYED KNOT" which was owned by the said Defendants. Plaintiff agreed to renew its Policy No. 0148A in reliance upon the representations and disclosures of material facts set forth in the attached application.

14. A true and correct copy of the Declarations Page and policy language for Plaintiff's Policy No. 0148A, affording coverage from June 4, 2009 through June 4, 2010, is attached hereto as Exhibit "C."

15. The Defendant BB&T is listed on the Declarations Page as a simple loss payee.

16. On or about March 7, 2010, while Plaintiff's Policy No. 0148A was in full force

and effect, an incident occurred in which the vessel insured under the terms of the said policy of marine insurance sank, at its dock and in fair weather and calm seas.

17. Following the said incident of March 7, 2010, a claim was submitted to the Plaintiff by the Defendants seeking payment under the terms of the policy of marine insurance for the full insured value the sunken vessel.

18. After receiving notice of the alleged damage which was incurred on or about March 7, 2010, Plaintiff caused an investigation to be conducted into the cause(s) for the sinking and loss of the Defendants' vessel, and as to whether the policy of marine insurance would afford any coverage for the sinking.

19. As a result of the investigation which Plaintiff caused to be conducted into the Defendants' claim, it was established that the vessel had sunk in calm seas and fair weather, under conditions and circumstances for which the policy of marine insurance would not afford any coverage.

20. As a result of the investigation which Plaintiff caused to be conducted into the Defendants' claim, it was established that the vessel was in unseaworthy condition as of the June 4, 2009 date of inception for Plaintiff's policy of marine insurance.

21. As a result of the investigation which Plaintiff caused to be conducted into the Defendants' claim, it was established that the sinking of the vessel was caused by failure to exercise due diligence and/or failure to maintain the vessel in good and/or in seaworthy condition.

22. As a result of the investigation which Plaintiff caused to be conducted into the Defendants' claim, it was established that the Defendants had failed to disclose material facts

with respect to the condition of the vessel, and with respect to a lawsuit which the Defendants had filed against the vessel's manufacturer and/or seller.

23.  Notwithstanding the results of the Plaintiff's investigation, the Defendants have made demand upon Plaintiff for payment of the full amount of the repairs for the vessel insured Policy No. 0148A.

## FOR A FIRST CAUSE OF ACTION

24. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 23 as if set forth fully herein.

25.  Plaintiff's Policy No. 0148A states in pertinent part:

"<u>PART A: PROPERTY DAMAGE COVERAGE</u>

PERILS INSURED AGAINST: We will provide coverage

> for accidental, direct physical loss or damage to your insured
> vessel as well as salvage charges except as specifically excluded in this policy."

26.  The sinking of the Defendants' vessel on March 7, 2010 does not constitute an accidental physical loss for which coverage would be afforded under the express terms and conditions of Plaintiff's policy of marine insurance.

27. Notwithstanding the fact that Plaintiff's policy clearly and unambiguously affords no coverage for the loss of the vessel as a result of the incident of March 7, 2010, the Defendants have continued to make demand upon Plaintiff for payment of the full costs of the repairs for the vessel, and it is reasonably and in good faith believed that the Defendants will take legal action against Plaintiff, seeking payment of the full costs of all repairs despite the fact that under the

express terms of Plaintiff's policy of marine insurance there can be no coverage for the loss.

28. As a result of the Defendants' demands under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's declaratory judgment regarding the coverage afforded under the terms of Policy No. 0148A. Until such time as Plaintiff is able to have its rights and responsibilities under the policy of marine insurance construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

29. As a result of the Defendants' demands under the terms of the policy of marine insurance attached hereto, and as a result of the Defendants' aforesaid demands for indemnification despite the policy terms described herein, a real and justifiable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's declaratory judgment.

## FOR A SECOND CAUSE OF ACTION

30. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 23 as if set forth fully herein.

31. Like all time policies of marine insurance, Plaintiff's Policy No. 0148A contains an implied warranty that the insured vessel was in seaworthy condition at the June 4, 2009 date on which the coverage was incepted. However, the investigation which Plaintiff caused to be conducted into the Defendants' claim established that the vessel was in unseaworthy condition as of the June 4, 2009 date of inception for Plaintiff's policy of marine insurance.

32. Any coverage afforded by Plaintiff's policy of marine insurance is therefore void under the applicable principles of federal maritime law due to the Defendants' breach of the

foregoing implied warranty.

33.     Notwithstanding the fact that the coverage under the Plaintiff's policy for the vessel's sinking on March 7, 2010 is void, the Defendants have continued to make demand upon Plaintiff for payment of the full costs of the repairs for the vessel, and it is reasonably and in good faith believed that the Defendants will take legal action against Plaintiff seeking payment of the full costs of all repairs despite the fact that under the express terms of Plaintiff's policy of marine insurance there can be no coverage for the loss.

34.     As a result of the Defendants' demands under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's declaratory judgment regarding the coverage afforded under the terms of Policy No. 0148A. Until such time as Plaintiff is able to have its rights and responsibilities under the policy of marine insurance construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

35.     As a result of the Defendants' demands under the terms of the policy of marine insurance attached hereto, and as a result of the Defendants' aforesaid demands for indemnification despite the facts and legal principles described herein, a real and justifiable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's declaratory judgment.

**FOR A THIRD CAUSE OF ACTION**

36. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 23 as if set forth fully herein.

7

{01952159.}

37. Like all time policies of marine insurance, Plaintiff's Policy No. 0148A contains an implied warranty that the insured will exercise due diligence and will not through bad faith or neglect allow the vessel to become unseaworthy. However, the investigation which Plaintiff caused to be conducted into the Defendants' claim established that the sinking of the vessel on March 7, 2010 was caused by failure to exercise due diligence and/or failure to maintain the vessel in good and/or in seaworthy condition.

38. Any coverage afforded by Plaintiff's policy of marine insurance is therefore void under the applicable principles of federal maritime law due to the Defendants' breach of the foregoing implied warranty.

39. Notwithstanding the fact that the coverage under the Plaintiff's policy for the vessel's sinking on March 7, 2010 is void, the Defendants have continued to make demand upon Plaintiff for payment of the full costs of the repairs for the vessel, and it is reasonably and in good faith believed that the Defendants will take legal action against Plaintiff seeking payment of the full costs of all repairs despite the fact that under the express terms of Plaintiff's policy of marine insurance there can be no coverage for the loss.

40. As a result of the Defendants' demands under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's declaratory judgment regarding the coverage afforded under the terms of Policy No. 0148A. Until such time as Plaintiff is able to have its rights and responsibilities under the policy of marine insurance construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

41. As a result of the Defendants' demands under the terms of the policy of marine

8

{01952159.}

insurance attached hereto, and as a result of the Defendants' aforesaid demands for indemnification despite the facts and legal principles described herein, a real and justifiable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's declaratory judgment.

## FOR A FOURTH CAUSE OF ACTION

42. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 23 as if set forth fully herein.

43. Plaintiff's Policy No. 0148A states in pertinent part:

"<u>GENERAL CONDITIONS AND EXCLUSIONS</u>

******

CONCEALMENT, MISREPRESENTATION OR FRAUD:
All coverage provided by us will be voided from the beginning of the Policy Period if you intentionally conceal or misrepresent any material fact or circumstance relating to this contract of insurance, or the application for such insurance, whether before or after a loss."

44. The Defendants breached the provisions of Plaintiff's policy set forth above by misrepresenting or by failing to disclose facts or circumstances which were material to the Plaintiff's decision to renew the policy and/or to continue the risk of insuring the vessel owned by the Defendants.

45. The Defendants failed to disclose material facts with respect to the condition of the vessel at the time of the policy's renewal, and with respect to a lawsuit which the Defendants had filed against the vessel's manufacturer and/or seller. Had the Defendants disclosed the material

9

{01952159.}

facts and circumstances referred to herein, the Plaintiff would not have agreed to renew Policy No. 0148A, or would have issued a different policy, or would have charged a higher premium.

46. The Defendants' misrepresentation of or failure to disclose material facts or circumstances constitutes a breach of the duties and obligations imposed upon the Defendants by the express terms of the policy of marine insurance and by the applicable principles of the federal maritime law.

47. The Defendants' breach of the policy and the federal maritime law renders the said policy void *ab initio* and/or entitles the Plaintiff to rescind the policy.

48. Notwithstanding the lack of any coverage under the Plaintiff's policy of marine insurance, the Defendants have continued to make demand upon Plaintiff for payment of the full costs of the repairs for the vessel, and it is reasonably and in good faith believed that the Defendants will take legal action against Plaintiff, seeking payment of the full costs of all repairs despite the fact that under the express terms of Plaintiff's policy of marine insurance there can be no coverage for the loss.

49. As a result of the Defendants' demands under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's declaratory judgment regarding the coverage afforded under the terms of Policy No. 0148A. Until such time as Plaintiff is able to have its rights and responsibilities under the policy of marine insurance construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

50. As a result of the Defendants' demands under the terms of the policy of marine insurance attached hereto, and as a result of the Defendants' aforesaid demands for

indemnification despite the policy terms described herein, a real and justifiable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a *bona fide*, actual and present dispute exists calling for this Court's declaratory judgment.

### FOR A FIFTH CAUSE OF ACTION

51. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 23 as if set forth fully herein.

52. The Defendant BB&T is named in Plaintiff's Policy No. 0148A as a simple loss payee.

53. The Defendants never at any time sought or requested any additional insurance coverage of the type that might have provided additional coverage for any party named in Plaintiff's policy of marine insurance as a simple loss payee.

54. Accordingly, the Defendant BB&T is named in Plaintiff's policy of marine insurance as a simple loss payee and the said Defendant is entitled to no additional or further coverage over or beyond that which is provided to or available to the Defendants "The Elams."

55. Notwithstanding the fact that Plaintiff's policy of marine insurance clearly and unambiguously provides no additional or further coverage for BB&T other than as a simple loss payee, the Plaintiff reasonably and in good faith believes that the said Defendant will make demand upon Plaintiff for payment of damages in the same amount sought by the Defendants "The Elams."

## EXISTENCE OF JUSTICIABLE CONTROVERSY

56. As a result of the Plaintiff's aforesaid good faith belief and the lack of any additional coverage under the terms of Plaintiff's policy of marine insurance attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's declaratory judgment regarding the coverage afforded under the terms of Policy No. 0148A. Until such time as Plaintiff is able to have its rights and responsibilities under the policy of marine insurance construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

57. As a result of the Defendants' anticipated demands under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the alleged damage sustained by the vessel as described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's declaratory judgment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment from the Court:

(A) Declaring that the relationship of insurer and insured does not exist between Plaintiff and Defendants with respect to the incident of March 7, 2010.

(B) Declaring that Policy No. 0148A does not afford Hull & Machinery coverage to the Defendants for the incident of March 7, 2010.

(C) Declaring that the Defendants' claim for any damage alleged to have been sustained as a result of the incident of March 7, 2010 would be excluded by virtue of the Defendants' breach of Policy No. 0148A's implied warranty requiring the vessel to be in

{01952159.}

seaworthy condition as of the June 4, 2009 date upon which the said policy incepted;.

      (D)    Declaring that the Defendants' claim for any damage alleged to have been sustained as a result of the incident of March 7, 2010 would be excluded by virtue of the Defendants' breach of Policy No. 0148A's implied warranty relating to damage caused by failure to maintain the vessel in good and/or seaworthy condition.

      (E)    Declaring that the misrepresentation and/or failure to disclose material facts by and/or on behalf of the Defendants as described herein voids the coverage afforded under Plaintiff's Policy No. 0148A *ab initio* and allows the Plaintiff to rescind the said policy;

      (F)    Declaring that the Defendant BB&T is a simple loss payee under the terms of Plaintiff's policy of marine insurance;

      (G)    Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

                              BUIST MOORE SMYTHE MCGEE P.A.

                              /s/ Gordon D. Schreck
                              Gordon D. Schreck, Fed. ID No. 3754
                              5 Exchange Street
                              P.O. Box 999
                              Charleston, SC  29402
                              (843) 722-3400

                              ATTORNEYS FOR PLAINTIFF

October  12, 2010
Charleston, SC